OPINION
Appellant Jesse Jay Frank appeals a judgment of the Morrow County Common Pleas Court modifying his child support obligation:
ASSIGNMENTS OF ERROR:
 I. THE COURT ERRED WHEN IT OVERRULED IN THE MAGISTRATE'S FINDING THAT IT WAS UNJUST, INAPPROPRIATE, AND NOT IN THE BEST INTEREST OF THE CHILDREN TO INCLUDE THE APPELLANT'S INCOME FROM A SECOND JOB FOR PURPOSES OF CALCULATING CHILD SUPPORT, WHERE NO TRANSCRIPT WAS FILED WITH THE OBJECTIONS TO THE MAGISTRATE'S PROPOSED DECISION.
 II. THE COURT ERRED WHEN IT INCLUDED THE APPELLANT'S INCOME FROM A SECOND JOB FOR PURPOSES OF CALCULATING CHILD SUPPORT, WHERE THE SECOND JOB WAS TAKEN ON SOLELY BECAUSE OF APPELLANT'S ASSUMPTION OF THE MARITAL DEBTS.
 III. THE COURT ERRED IN OVERRULING THE MAGISTRATE'S FINDING OF FACT THAT A DEVIATION FROM CHILD SUPPORT GUIDELINES WAS JUSTIFIED BY THE APPELLANT'S LIMITED AVAILABLE INCOME AFTER HE FILED FOR CHAPTER 13 OF THE UNITED STATES BANKRUPTCY CODE, WHERE NO TRANSCRIPT WAS FIELD WITH THE OBJECTIONS TO THE MAGISTRATE'S PROPOSED DECISION.
 IV. THE COURT ERRED WHEN IT FAILED TO ACCOUNT FOR THE REDUCED INCOME AVAILABLE TO THE APPELLANT OUTSIDE HIS BANKRUPTCY PLAN.
Appellant Jesse Jay Frank and appellee Laura Beth Frank were divorced in 1993. Initially, the parties' two children resided with both parents, under a shared-parenting plan. The custody arrangement was later modified pursuant to an agreed entry, designating appellee as the residential parent.
Appellee sought a modification of child support. CSEA referred the case to the Common Pleas Court, as the income of appellant appeared to be in excess of $150,000. The case was heard by a Magistrate. The Magistrate found that appellant was employed in the emergency room of Morrow County Hospital, earning $100,064 per year. The Magistrate found that in addition, he earned overtime at the emergency room in the amount of $28,439.53. In addition, appellant maintained a private practice of medicine, where he earned approximately $80,000 per year.
The Magistrate found that it was not in the best interest of the children to include appellant's income from the second job at the emergency room for purposes of calculating child support. The Magistrate further found that a deviation from the child support guidelines was justified, as appellant had filed for Chapter 13 bankruptcy.
The court sustained appellee's objections to the Magistrate's report, finding that it was in the best interest of the children to include income from the second job in the child support calculation. Further, the court found that because appellant continued to spend excessive amounts of money on vacations and other unnecessary things following the filing of bankruptcy, a deviation from the child support guidelines was not justified.
 I., III.
In this first and third Assignments of Error, appellant argues that the court erred in sustaining the objections to the Magistrate's report in the absence of a transcript.
Civ.R. 53(E)(3)(b) provides that any objection to a Finding of Fact shall be supported by a transcript of all the evidence submitted to the Magistrate relevant to that fact, or an affidavit of that evidence if a transcript is not available. No transcript was before the court at the time the court ruled on the objections to the Magistrate's report. However, the court expressly found in his judgment that the Magistrate's Findings of Fact were sufficient to allow an independent analysis of the law.
The issues of whether it was in the best interest of the children to have the income from the second job included in the child support calculation, and whether a deviation from the support guidelines was appropriate in light of appellant's bankruptcy filing, were mixed questions of law and fact. In making these determinations, the court must consider and weigh the evidence, as there is no clear-cut rule of law by which to automatically decide these issues. The court erred in ruling on these two objections in the absence of a transcript.
The first and third Assignments of Error are sustained.
 II., IV.
The second and fourth Assignments of Error are rendered moot by our ruling on Assignments of Error I. and III.
The judgment of the Morrow County Common Pleas Court is reversed. This case is remanded to that court with instructions to consider the objections to the Magistrate's report in accordance with the transcript of the proceedings, which is now a part of the record.
By: Reader, J. and Gwin, P. J. concur.
Hoffman, J. dissents.